***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 27, affirmed December 29, 2022

In the Matter of M. C. J.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. C. J.,
*Appellant.*

Marion County Circuit Court
21CC06018; A177406

Matthew Tracey, Judge pro tempore.

Alexander C. Cambier and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Appellant appeals a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days, based on his being unable to provide for his basic needs due to a mental disorder. *See* ORS 426.130(1)(a)(C) (providing for civil commitment of a "person with mental illness"); ORS 426.005(1)(f)(B) (defining "person with mental illness" to include a person who, because of a mental disorder, is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future"). In his sole assignment of error, appellant contends that the evidence was legally insufficient to support a basic-needs commitment. He does not contest that he has a mental disorder, but he argues that the state failed to establish that he was unable to provide for his basic needs.

We decline to exercise *de novo* review. *See* ORS 19.415(3)(b) (providing that, in an appeal in an equitable proceeding, we have "sole discretion" whether to engage in *de novo* review of one or more factual findings); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases"). Accordingly, we defer to the trial court's factual findings if there is any evidence in the record to support them, and we review the court's legal conclusions for legal error. *State v. B. B.*, 240 Or App 75, 77, 245 P3d 697 (2010).

To qualify as a "person with mental illness" under ORS 426.005(1)(f)(B), a person must have a mental disorder that causes the person to be "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of 'serious physical harm'—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019). In this case, the trial court determined that, due to his mental disorder, appellant was living in extremely unsanitary conditions and was not eating enough.

We agree with the state that the evidence was legally sufficient to support a basic-needs commitment. Ultimately, we are persuaded that appellant was at nonspeculative risk of serious physical harm in the near future, albeit not imminently, from the combination of (1) the extremely unsanitary

conditions in his trailer, which included a dead dog covered in maggots that appellant believed was still alive and continued to "pet," multiple cats that were eating off the maggot-infested dog, and extensive animal urine and feces throughout the trailer; (2) appellant's extreme lack of personal hygiene; (3) appellant's limited access to food; (4) appellant's thin and frail appearance, which was tied to his having lost a significant amount of weight, even though he was not yet medically underweight at the time of commitment; (5) appellant's lack of electricity or propane in his trailer; and (6) appellant's recent deterioration after the deaths of his mother and his girlfriend. Although we agree with appellant that the evidence was thin as far as quantifying the risk of serious physical harm in the near future, we are persuaded that the evidence as a whole was sufficient to establish the necessary degree of risk. *See State v. N. S.*, 306 Or App 140, 146, 472 P3d 818 (2020) ("[A] determination of whether the evidence was sufficient for commitment must be made in light of the *whole* record." (Emphasis in original.)).

Affirmed.